UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Nautilus Insurance Co.,

                        Plaintiff,

v.

A. Moore Construction and Roofing, Inc.,
Floricelda Lopez Madrid Rodriguez, Personal
Representative of the Estate and Survivors of
Eulogio Nieto Rodriguez, deceased,
Creative Choice Homes, VII, Ltd., and
Naimisha Construction, Inc.,

                        Defendants.

Civ. No. 10-1211 (RHK/SRN)
**ORDER**

---

      This matter is before the Court *sua sponte*.

      Invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiff Nautilus Insurance Co. ("Nautilus") commenced this action seeking a declaration that it owes no duty to defend or indemnify any Defendant concerning claims asserted in an action styled <u>Rodriguez v. Creative Choice Homes VII, Ltd.</u>, currently pending in the Circuit Court for the 11th Judicial Circuit in Miami-Dade County, Florida. The Complaint alleges that Nautilus is "an Arizona corporation authorized to conduct business in Minnesota." (Compl. ¶ 1.) No further allegations regarding Nautilus's citizenship are found in the Complaint.

      A corporation's citizenship is determined by its place of incorporation *and* its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where [its] high level officers direct, control, and coordinate the

corporation's activities." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1181 (2010). Here, the Complaint fails to allege Nautilus's principal place of business. As the party invoking the Court's jurisdiction, however, it is Nautilus's burden to plead facts establishing the existence of diversity jurisdiction. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so requires it to plead "with specificity the citizenship of the parties," Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990), and hence the location of Nautilus's principal place of business.

Because Nautilus has failed to properly allege its own citizenship, it has not satisfied its burden of establishing diversity jurisdiction. Based on the foregoing, **IT IS ORDERED** that Nautilus shall redress the deficiencies set forth above on or before July 23, 2010, or the Court will dismiss this action for lack of subject-matter jurisdiction.

Date:  July 15, 2010

                                                s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge