UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nautilus Insurance Company,<br><br>        Plaintiff,<br>v.<br><br>A. Moore Construction and Roofing, Inc.,<br>Floricelda Lopez Madrid Rodriguez,<br>Personal Representative of the Estate and<br>Survivors of Eulogio Nieto Rodriguez, deceased,<br>Creative Choice Homes, VII, Ltd., and Naimisha<br>Construction, Inc.,<br><br>        Defendants. | Court File No.: 10-1211 RHK/SRN<br><br>**AMENDED COMPLAINT FOR**<br>**DECLARATORY JUDGMENT** |

TO: THE ABOVE-NAMED DEFENDANTS:

The Plaintiff Nautilus Insurance Company ("Nautilus"), for its Complaint for Declaratory Judgment against the above-named Defendants, states and alleges as follows:

**PARTIES**

1. Plaintiff Nautilus is an Arizona corporation, with its statutory home office and principal place of business located at 7233 E. Butherus Drive, in the City of Scottsdale, County of Maricopa, State of Arizona, 85260, which is authorized to and conducts business in the State of Minnesota.

2. Defendant A. Moore Construction and Roofing, Inc. ("A. Moore") is a Florida corporation with a principal place of business located in Minnesota.

3. A. Moore was an insured under a certain policy of insurance issued to it by Nautilus.

4. Defendant Floricelda Lopez Madrid Rodriguez ("Rodriguez") is an individual, the surviving spouse and Personal Representative of the Estate and Survivors of Eulogio Nieto

Rodriguez, deceased. Rodriguez is a citizen of the State of Florida. Eulogio Nieto Rodriguez ("Deceased") died in Florida on or about July 11, 2006.

5. Defendant Creative Choice Homes, VII, Ltd. ("Creative Choice") is a Florida private limited company with its principal place of business in Palm Beach Gardens, Florida.

6. Defendant Naimisha Construction, Inc. ("Naimisha") is a Florida corporation with its principal place of business in Palm Beach Gardens, Florida.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1332 because the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) and is between citizens of different states and foreign countries.

8. Venue is proper because the subject matter of this litigation involves insurance coverage questions affecting a corporation with its principal place of business in Minnesota and an insurance policy issued in Minnesota.

## FACTUAL BACKGROUND

9. In 2006, Creative Choice hired Naimisha to perform various repairs to the Coral Gardens Apartments in Homestead, Florida ("Premises"), including roofing repairs.

10. Naimisha subcontracted the roofing repairs to A. Moore.

11. At all times material hereto, Nautilus insured A. Moore under Commercial General Liability Policy No. NC534084. A copy of the Commercial General Liability Policy is attached hereto as Ex. A.

12. At all times material hereto, the Premises was owned by Creative Choice.

13. On July 11, 2006, at the Premises, the Deceased was injured while doing roofing work.

14. On July 10, 2008, Rodriguez filed a lawsuit in the 11th Circuit in and for Miami-Dade County, Florida, against A. Moore and other Defendants to recover damages for alleged losses arising as the result of Decedent's death ("Negligence Lawsuit"). A copy of the Complaint is attached hereto as Ex. B.

15. In the Negligence Lawsuit, Paragraph 11, Rodriguez alleged that Defendants provided supplies, materials and even personal living facilities for the workers.

16. In the Negligence Lawsuit, Paragraph 14, Rodriguez alleged that Defendants provided the workers at the Premises, including Deceased, with the materials, supplies and equipment that they needed in order to complete the roofing job. Further, Defendants provided the workers at the site, including Deceased, with housing while they were working at the site.

17. In the Negligence Lawsuit, Paragraph 15, Rodriguez alleged that Defendants were so involved with the job that they assumed, managed and controlled the details of the work of the workers at the site, including Deceased. Thus, Defendants became the masters of the workers and were responsible for their safety and well being.

18. Subsequent to service of the Complaint in the Negligence Lawsuit, on or about September 10, 2008, Rodriguez served an Amended Complaint dropping A. Moore as a Defendant, but leaving the substance of the Complaint unchanged. Attached is a copy of the Amended Complaint as Ex. C.

19. On or about December 4, 2009, Naimisha served a Third-Party Complaint naming A. Moore as a Third-Party Defendant ("Third-Party Lawsuit"). Attached is a copy of the Third-Party Complaint as Ex. D.

20. In the Third-Party Lawsuit, Paragraph 12 and Paragraph 18, Naimisha alleged that Naimisha relied on A. Moore for the performance of the roofing repair work on the Premises by A.

Moore including the provision of training, materials, and labor required to properly complete the work, which caused Decedent's death.

21.     In the Third-Party Lawsuit, Paragraph 20, Naimisha alleged that its potential liability to Plaintiff, if any, is solely vicarious, constructive, derivative, or technical and arising from the negligence of A. Moore with regards to A. Moore's failure to: provide a safe work environment; provide a warning to the Decedent of the danger of electrical wires; and provide appropriate equipment for the performance of the work, which thereby caused Decedent's injuries.

22.     The Nautilus Insurance Policy contains certain terms and conditions, including exclusions. The policy specifically contains an "employer's liability exclusion." Exclusion "e" provides:

**2. Exclusions**

This insurance does not apply to:

e.      **Employer's Liability**

"Bodily injury" to:

(1)     An "employee" of the insured arising out of and in the course of:
        (a)     Employment by the insured; or
        (b)     Performing duties related to the conduct of the insured's business; or

(2)     The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1)     Whether the insured may be liable as an employer or in any other capacity; and
(2)     To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

**Section V-Definitions**

5. "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

Exclusion "e" was modified via an amendatory endorsement (Form S051 (09/03)), which replaced the exclusionary language with the following:

**e. Employer's Liability**

"Bodily injury" to:

(3) An "employee" of the insured arising out of and in the course of:

(c) Employment by the insured; or
(d) Performing duties related to the conduct of the insured's business; or

(4) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(3) Whether the insured may be liable as an employer or in any other capacity; and
(4) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

For purposes of the endorsement only, the definition of "Employee" in DEFINITIONS is **replaced** by the following:

"Employee" shall include, but is not limited to, any person or persons hired by, loaned to, leased to, contracted for, or volunteering services to the insured, whether or not paid by the insured.

23. The Original Complaint, as well as the Amended Complaint, in the Negligence Lawsuit alleged that Deceased was a "worker" at the site and "was performing roofing repairs" on the Coral Gardens apartment complex and was injured as a result.

24. The Third-Party Complaint in the Third-Party Lawsuit alleged A. Moore was negligent in failing to provide a safe work environment, failing to warn Decedent of dangers, and failing to provide appropriate equipment for performance of the work.

25. The Complaints all allege bodily injury to an "employee" of the insured, A. Moore, arising out of and in the course of employment, and therefore all of the allegations fall within the "employer's liability" exclusion.

26. By operation of the "employer's liability" exclusion, coverage for all claims is excluded, and the Nautilus policy provides no coverage for the claims, and Nautilus owes no duty to defend, and no duty to indemnify A. Moore for the claims brought against it by Naimisha in the Third-Party Complaint, and no duty to defend or indemnify Naimisha for the claims brought against it in the Amended Complaint.

27. An actual controversy exists concerning Nautilus' duty to defend and indemnify A. Moore and Naimisha.

28. Nautilus brings this declaratory judgment action pursuant to Rule 57 of the Federal Rules of Civil Procedure.

29. Declaratory relief from this Court will terminate the dispute between the parties.

WHEREFORE, Nautilus prays that this Court enter a declaratory judgment that the Nautilus Insurance Policy, Ex. A, does not provide any obligation to defend A. Moore from and against the claims brought against it by Naimisha in the Third-Party Complaint, and no obligation to indemnify the claims alleged in the Third-Party Complaint. Further, that Nautilus does not have a duty to defend or indemnify Naimisha relative to the claims asserted against it in the Amended Complaint in the Negligence Lawsuit.

Plaintiff further prays for such further and other relief as may be appropriate and equitable.

Dated: __7/15/10__

FISHER, BREN & SHERIDAN, LLP

By _____
Steven J. Sheridan (#266280)
Amy M. Sieben (#0326021)
701 Fourth Avenue South
Suite 610
Minneapolis, MN 55415
(612) 332-0100

**ATTORNEYS FOR PLAINTIFF
NAUTILUS INSURANCE COMPANY**